```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

MICHAEL JEFFERSON,              )
                                )
            Plaintiff,           )   Civil Action No. 05-1491
                                )
       v.                        )   Judge Hardiman
                                )   Magistrate Judge Caiazza
ALLEGHENY COUNTY, *et al.*,      )
                                )
                                )
            Defendants.          )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

It is respectfully recommended that the Defendants' Motion to Dismiss (Doc. 16) be denied.

In this Section 1983 action, prisoner Michael Jefferson alleges he was assaulted on October 19, 2003 by Officer Slabby and other unknown Corrections Officers.  Two years later, on October 19, 2005, he signed his *in forma pauperis* ("IFP") Motion and a pre-printed Complaint form.  The IFP Motion and Complaint were not received by the Clerk of Court until October 26, 2005.  In the instant Motion, the Defendants argue the Plaintiff's claims are time barred.

The Plaintiff's action is subject to a two year statute of limitations.  *See* Smith v. Holtz, 87 F.3d 108, 111 n.2 (3d Cir. 1996).  In light of his October 19, 2003 accrual date, the Plaintiff's limitations period expired on October 19, 2005. *See, e.g.*, U.S. v. Inn Foods, Inc., 383 F.3d 1319 (Fed. Cir. 2004) ("anniversary rule" applies for calculation of limitations

period).

The Defendants' Motion improperly focuses on October 26, 2005, the date the Clerk received Jefferson's filings. The correct standard is the "prisoner mail box rule," which provides that a *pro se* prisoner's complaint is "deemed filed at the moment he delivers it to prison officials for mailing." *See* Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (applying rule to habeas petitions); Casanova v. DuBois, 304 F.3d 75, 79 (1st Cir. 2002) (same for civil rights complaint). Absent evidence establishing the precise date Jefferson delivered his complaint to prison officials, the court uses the date on which he executed his IFP application. *See* Cromwell v. Keane, 27 Fed. Appx. 13, 14 (2d Cir. 2001) (citations omitted).

Because the Plaintiff executed his IFP application on October 19, 2005, and absent contrary evidence regarding "delivery" date, the Defendants have failed to show the action is time barred.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by November 29, 2006. Responses to objections are due by December 11, 2006.

November 13, 2006

Francis X. Caiazza
U.S. Magistrate Judge

cc:

Michael Jefferson
EF-1617
S.C.I. Huntingdon
1100 Pike Street
Huntingdon, PA  16654-1113

Carl B. Zacharia, Esq. (via email)