**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL JEFFERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1491 |
| | ) | JUDGE FISCHER |
| ALLEGHENY COUNTY, *et al.*, | ) | MAGISTRATE JUDGE CAIAZZA |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is recommended that the Defendants' Motion for Summary Judgment be granted in part and denied in part.

**II. REPORT**

Michael Jefferson ("Jefferson" or "the Plaintiff"), alleges in this action that he was assaulted by guards at the Allegheny County Jail on October 19, 2003. Now before the court is Defendants' Motion for Summary Judgment. The Plaintiff has responded to the Motion and it is now ripe for disposition.

**A. Legal Standard**

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter

of law. Summary judgment may be granted against a party who fails
to adduce facts sufficient to establish the existence of any
element essential to that party's case, and for which that party
will bear the burden of proof at trial. Celotex Corp. v. Catrett,
477 U.S. 317, 325 (1986) (party can move for summary judgment by
"pointing out to the district court that there is an absence of
evidence to support the non-moving party's case"). The moving
party bears the initial burden of identifying evidence that
demonstrates the absence of a genuine issue of material fact.
Once that burden has been met, the non-moving party must set out
" . . . specific facts showing that there is a genuine issue for
trial . . ." or the factual record will be taken as presented by
the moving party and judgment will be entered as a matter of law.
Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574
(1986). An issue is genuine only if the evidence is such that a
reasonable jury could return a verdict for the non-moving party.
Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

     Here, Jefferson seeks to assert liability against the
Defendants pursuant to 42 U.S.C. §1983. To state a claim a
plaintiff must meet two threshold requirements. He or she must
allege: 1) that the alleged misconduct was committed by a person
acting under color of state law; and 2) that as a result, he or
she was deprived of rights, privileges, or immunities secured by
the Constitution or laws of the United States. West v. Atkins,

487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981),

overruled in part on other grounds, Daniels v. Williams, 474 U.S.

327, 330-331 (1986).

## B. **Factual Record**

Jefferson's sole claim is that he was subjected to the use

of excessive force while incarcerated. In a declaration

accompanying his response to the Motion for Summary Judgment, he

describes the incident as follows:

> On Sunday, October 19, 2003, at approximately
> Five O'Clock p.m., w[h]ile on the phone [lying on
> the floor] on BD-Pod [Allegheny County Jail],
> approximately 15-20 guards entered the Pod after a
> fight.
> I was telling my fiancé I had to go, but
> before I could complete the sentence, an officer
> hung up on her, pushing the receiver down on the
> phone. As I stood up, I simply said to him "Damn
> that was ignorant."
> The Lt. standing there said "so lock-up, all
> y'all". She asked me where my cell was, I told
> her. Then without provocation or reason, an
> officer grabbed my arm telling me to hurry up. I
> pulled away, telling him, "You ain't got to be
> touching my body - I'm walking, I know where to go
> . . . ."
> As I complied with the order to return to my
> cell, the female Lt. (Jennings - I believe) told
> the officers escorting me to my cell, to "make him
> move faster." Suddenly the officers physically
> attacked me.

(Doc. 44, Ex. 2). Jefferson then describes the manner in which he

was beaten repeatedly, kicked and slammed face-first into "every

closed door we passed" on the way to "the hole" where he was

stripped and left without clothing for "10-15 minutes." Id.  He

subsequently described his injuries to Lt. Jenning; he claims

- 3 -

that his eye was "shut," and that his ear was "messed up."
Jefferson also claims that he never "swore at or made any
aggressive move toward any staff . . . ." Id.

    The Defendants have presented a document entitled "Material
Facts Not in Dispute" which is premised upon a Misconduct Report
and two Incident Reports  -none of which are properly
authenticated by affidavit from a records custodian or the
person(s) who prepared the reports. The documents describe the
Plaintiff as being uncooperative after disobeying an order;
force, they claim, was used only to quell Jefferson's behavior.

## C. **Analysis**

### 1. **The First Amendment Claim**

    The Defendants assert that Jefferson has failed to allege
any facts which would support claims under the First Amendment. A
review of the Complaint reveals that the only allegations made in
Jefferson's Complaint relate to the use of excessive force in the
prison setting, which represents an Eighth Amendment claim.
"Where a particular Amendment 'provides an explicit textual
source of constitutional protection' against a particular sort of
government behavior, 'that Amendment, not the more generalized
notion of substantive due process, must be the guide for
analyzing these claims.'" Albright v. Oliver, 510 U.S. 266, 272
(1994)(quoting Graham v. Connor, 490 U.S. 386, 395 (1989))

(footnote omitted). Hence, the Motion for Summary Judgment should be granted with respect to the Plaintiff's First Amendment claim.

### 2. **Supervisory Liability**

The Defendants assert that any claims against Allegheny County, the Allegheny County Jail and the Warden must be dismissed because they are premised upon the doctrine of *respondeat superior*.

Officials may be liable under Section 1983 for the acts of those over whom they have supervisory responsibility. Supervisory liability, however, may not be premised solely upon a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). Some personal involvement must be alleged. Id. That said, supervisory liability for Section 1983 violations can be established by evidence showing that officials: participated in violating a plaintiff's rights; directed others to violate a plaintiff's rights; knew of, and acquiesced in, their subordinates' violation of a plaintiff's rights; or knew of, and tolerated, past or ongoing misbehavior. Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir.1995).

Moreover, a supervising public official has no affirmative constitutional duty to supervise and discipline to prevent violations of constitutional rights by his or her subordinates. Notwithstanding, when a supervising official knowingly permits a continuing custom or policy that results in harm to the

plaintiff, Section 1983 liability may attach. <u>Colburn v. Upper</u>
<u>Darby Township</u>, 838 F.2d 663, 673 (3d Cir.1988), <u>cert. denied</u>,
489 U.S. 1065 (1989). At a minimum, such liability may be imposed
"only where there are both: (1) contemporaneous knowledge of the
offending incident or knowledge of a prior pattern of similar
incidents, and (2) circumstances under which the supervisor's
inaction could be found to have communicated a message of
approval to the offending subordinate." <u>Id</u>.

　　　Here, Jefferson has not pleaded or presented any facts which
would support a finding of supervisory liability. He only claims
that the prison is "not properly supervised" and that it is in
"total disarray." (Doc. 44, ¶9). Even if the Court accepted
Jefferson's argument without factual support, the general
statements he provides fail to establish either contemporaneous
knowledge or the communication of a message of approval.
Therefore, Defendants Allegheny County, Allegheny County Jail and
the Warden are entitled to summary judgment with respect to the
claims made against them.

### 3. **The John Doe Defendants**

　　　The Defendants also seek an order dismissing any John Doe
Defendants from this case because the Plaintiff has failed to
identify them. The Plaintiff has not respond to this part of the
Defendants' argument. The Court, consequently, will grant their

Motion for Summary Judgment with respect to the John Doe
Defendants.

### 4. **Eighth Amendment Claims and Qualified Immunity**

While the Eighth Amendment protects inmates against cruel
and unusual punishment, it does not protect an inmate against
every minimal use of force. Smith v. Mensinger, 293 F.3d 641, 648
(3d Cir.2002). Not "every malevolent touch by a prison guard
gives rise to a federal cause of action." Hudson v. McMillian,
503 U.S. 1,9,(1992)(citing Johnson v. Glick, 481 F.2d 1028, 1033
(2d Cir.1973)) ("Not every push or shove, even if it may later
seem unnecessary . . . violates a prisoner's constitutional
rights").

In an Eighth Amendment excessive force claim, summary
judgment in favor of a defendant is appropriate where the
evidence, viewed in the light most favorable to the plaintiff,
does not support "a reliable inference of wantonness in the
infliction of pain." Thomas v. Ferguson, 361 F.Supp.2d 43, 438
(N.J.2004) (quoting Whitley v. Albers, 475 U.S. 312, 322 (1986)).
The central inquiry is "whether force was applied in a good-faith
effort to maintain or restore discipline, or maliciously and
sadistically to cause harm." Mensinger, 293 F.3d at 649 (quoting
Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir.2000)). "When prison
officials maliciously and sadistically use force to cause harm,
contemporary standards of decency always are violated . . .

whether or not significant injury is evident." <u>Brooks v. Kyler</u>,
204 F.3d 102, 108-109 (3d Cir.2000).

The Court has already noted that the evidence presented by
the Defendants is not supported by appropriate affidavits. Even
if the Court were to accept the reports provided by the
Defendants in support of their Motion, they would serve only to
set up a material dispute of fact when juxtaposed with the
Plaintiff's submissions.

The Plaintiff has provided, both in his sworn complaint and
his declaration, his own testimony in which he claims that
Officer Slaby, the only named Defendant remaining in this case,
"savagely beat, punched, kicked, strangled, and assaulted" the
Plaintiff. (Doc. 6, at 2). Further, the Plaintiff states that
Slaby escorted him to his holding cell at which time his head was
slammed into open doors  - even though the Plaintiff was
purportedly compliant with the guard's orders. This evidence is
sufficient to allow the Plaintiff's Eighth Amendment claim to
survive summary judgment.

For the same reasons, the Court cannot grant summary
judgment with respect to the Defendants qualified immunity claim.
If the incident occurred according to the Plaintiff's version –
an issue reserved for the fact-finder  - Officer Slaby could not
have reasonably believed his actions to be consistent with the
Eighth Amendment's prohibition against the use of wanton and

malicious force. E.g., <u>Anderson v. Creighton</u>, 483 U.S. 635 (1987)(government officials are shielded from civil liability only if their actions could reasonably have been thought consistent with the rights they are alleged to have violated.); <u>Wilson v. Layne</u>, 526 U.S. 603(1999)(Court must inquire "whether it would be clear to a reasonable officer that his conduct unlawful in the situation he confronted"). On this issue, the Plaintiff has established a material dispute of fact.

### III. **CONCLUSION**

It is respectfully recommended that the Defendants' Motion for Summary Judgment be granted in part and denied in part, consistent with the provisions of this Report and Recommendation. In sum, the only claim remaining is the Plaintiff's allegation that Defendant Slaby used excessive force on October 19, 2003, during an altercation at the Allegheny County Jail.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by November 19, 2007. Responses are due November 29, 2007. Failure to file timely objections may constitute a waiver of any appellate rights.

November 1, 2007

Francis X. Caiazza
United States Magistrate Judge

cc:
MICHAEL JEFFERSON
EF-1617
SCI Fayette
P. O. Box 9999
LaBelle, PA 15450-0999